NO. 07-12-00072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 5, 2012

ELIAS FLORES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18780-1104; HONORABLE EDWARD LEE SELF, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Elias Flores appeals from his jury conviction of the offense of evading arrest or detention[1] and the resulting sentence of ten years of imprisonment.

---

[1] A person commits the offense of evading arrest or detention if he intentionally flees a person he knows is a peace officer lawfully attempting to arrest or detain him. Tex. Penal Code Ann. § 38.04(a) (West 2011). At the time of appellant's offense, the statute provided it was a felony of the third degree, punishable by a term of imprisonment of not more than 10 years or less than 2 years, if the actor used a vehicle and had been previously convicted under the statute. *See* Tex. Penal Code Ann. § 38.04(b)(2) am. Acts 2011, 82nd Leg., ch. 839 (H.B. 3423); Tex. Penal Code Ann. § 38.04(b)(2) (West 2011) (removing the requirement that the actor have both a previous conviction under the statute and used a vehicle); Tex. Penal Code Ann. § 12.34 (West 2009).

Appellant's court-appointed appellate attorney has filed a motion to withdraw from representation supported by an *Anders* brief.[2] Agreeing with counsel's conclusion that the record fails to show any arguably meritorious issue capable of supporting an appeal, we grant the motion to withdraw and affirm the trial court's judgment.

Appellant was charged with using a vehicle to "intentionally flee from Casey DeLeon, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant." The indictment also included an enhancement paragraph setting forth appellant's previous final conviction for evading arrest. Appellant plead not guilty and the matter was tried to a jury.

Plainview police officer Casey DeLeon testified he was patrolling in that city and pulled his vehicle behind a white Ford pickup appellant was driving. Concluding appellant had committed a traffic offense, the officer turned on the vehicle's red-and-blue overhead lights to initiate a traffic stop. Appellant did not stop but continued for several blocks, even after the officer activated his siren. He followed while appellant made several turns and ran several stop signs and a stop light before turning into an alley. Appellant got out of the truck before it came to a complete stop and ran into a residence. Officer DeLeon and his backup officer apprehended appellant. A video from a camera in Officer DeLeon's patrol car supported his testimony.

Appellant testified at both the guilt-innocence and punishment phases of trial. During the guilt-innocence phase, he admitted he was the driver of the white Ford

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).

pickup. In explanation of the traffic offense the officer saw initially, appellant testified the turn signals in the truck were damaged. He testified he knew the officer was lawfully trying to stop him, that he intentionally failed to stop because he was "just trying to get home," and that he failed to stop at stop signals. He admitted he had a 2005 conviction for evading arrest on foot. He also admitted to committing the offense of unauthorized use of a motor vehicle.

During the punishment stage, the State introduced evidence of appellant's criminal history. Appellant testified to his attempts to change his life, make a living, and be a better father. Two other witnesses also testified for appellant.

Following presentation of the evidence, the jury found appellant guilty as charged in the indictment and assessed punishment as noted. This appeal followed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw supported by an *Anders* brief. In the brief, he certifies to his diligent review of the record and his opinion under the controlling authorities no reversible error or arguably legitimate ground for appeal exists. The brief discusses the procedural history of the case and the events at trial, including appellant's admissions. Counsel discusses the applicable law and sets forth the reasons he believes no arguably meritorious issues for appeal exist. A letter to appellant from counsel, attached to counsel's motion to withdraw, indicates that a copy of the *Anders* brief and the motion to withdraw were served on appellant, and counsel advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused). By letter, this court also notified appellant of his opportunity to submit a

3

response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response, raising an issue alleging he received ineffective assistance of counsel at trial.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If we determine the appeal has arguable merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In the *Anders* brief, counsel concludes the appeal is frivolous. We have made an independent review of the entire record to determine whether arguable grounds supporting an appeal exist. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have also considered appellant's raised issue that he received ineffective assistance of counsel at trial. *See Salinas v. State,* 163 S.W.3d 734, 740 (Tex.Crim.App. 2005) (describing standard for establishing claim of ineffective assistance of counsel). On the record before us,[3] we find no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

---

[3] As the court reiterated in *Salinas*, an allegation of ineffective assistance of counsel must be "firmly founded in the record," and the record on direct appeal rarely is sufficiently developed to adequately reflect the motives behind a trial counsel's actions. 163 S.W.3d at 740.

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.